UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JIVONNIE JONES,

       Plaintiff,                                Hon. Gordon J. Quist

v.                                                Case No. 1:10-CV-300

ANNE MAROULIS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's <u>Motion for Preliminary Injunction and a Temporary Restraining Order</u>. (Dkt. #26). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Plaintiff initiated the present action against nine individuals alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Plaintiff asserts that Defendants failed to properly treat an ear infection he was suffering. Seven defendants have since moved for summary judgment, a request which the undersigned has recommended be granted. Plaintiff now moves for unspecified injunctive relief.

In support of his request, Plaintiff asserts that he is being housed in a "nasty" and "unclean" cell. Plaintiff alleges that certain personal property items became wet after his toilet "over flooded." Plaintiff asserts that prison officials refuse to allow him to file grievances about these and other matters. Plaintiff asserts that prison officials have denied his requests for writing materials and photocopies. In response, Plaintiff asks this Court to grant him a preliminary injunction and a temporary restraining order. Plaintiff has failed, however, to identify what sort of injunctive relief he desires.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to demonstrate that he is likely to prevail on the merits of his various claims or that he has (or will) suffer any injury for which he has no legal remedy. Plaintiff has not established that he will (or is likely to) suffer irreparable injury in the absence of the requested relief. Finally, the Court finds that the public interest would not be served by unnecessary and unwarranted judicial interference in the day-to-day operations of the Michigan Department of Corrections.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Preliminary Injunction and a Temporary Restraining Order</u>, (dkt. #26), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 20, 2011            /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge