UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIVONNIE JONES,

       Plaintiff,

Case No. 1:10-CV-300

v.

Hon. Gordon J. Quist

ANNE MAROULIS, et al.,

       Defendants.
                                /

## ORDER ADOPTING
## REPORTS AND RECOMMENDATIONS

On January 20, 2011, Magistrate Judge Ellen Carmody issued a Report and Recommendation recommending that the Court grant Defendants Maroulis, Jastifer, Gorman, Patterson, King, Klinesmith, and Smith's motion for summary judgment. The same day, the magistrate judge issued a separate Report and Recommendation recommending that Plaintiff's motion for preliminary injunction and a temporary restraining order be denied.

Plaintiff has filed Objections to the Report and Recommendation recommending that Defendants' motion for summary judgment be granted. In addition, Plaintiff has filed a document titled "Plaintiff's Instant Motion," which supplements Plaintiff's Objections, renews his request for a preliminary injunction and temporary restraining order, and requests that the Court order Defendants to make copies of documents for Plaintiff.

The Court has conducted a *de novo* review of the Reports and Recommendations, Plaintiff's Objections and supplemental filing, and the pertinent portions of the record and concludes that both Reports and Recommendations should be adopted. In addition, the Court will grant in part and deny in part Plaintiff's "Instant Motion."

*Defendants' Motion for Summary Judgment*

In her Report and Recommendation concerning Defendants' motion, the magistrate judge first considered Defendants' exhaustion argument, concluding that only part of the argument had merit. Specifically, the magistrate judge found that Plaintiff properly exhausted his claims only against: (1) Defendant Maroulis for injuring his right ear during treatment and thereafter refusing to provide him pain medication; and (2) Defendants Patterson and King for refusing his request for "emergency treatment." All of these claims involve conduct that occurred on April 20, 2009. The magistrate judge concluded that Plaintiff failed to exhaust his claims against the remaining moving Defendants.

The magistrate judge next concluded that Plaintiff's Eighth Amendment claims against Defendants failed. The magistrate judge reasoned that Plaintiff's claims that Defendant Maroulis punctured his eardrum while irrigating his ear and failed to provide him with pain medication are state law medical negligence claims, rather than Eighth Amendment claims. (Report & Recommendation at 12-13.) The magistrate judge further noted that the affidavits submitted by Defendants Gorman, Patterson, and King stating that they did not observe any circumstances suggesting that Plaintiff was in need of medical attention are consistent with Plaintiff's medical records, which show that Plaintiff was suffering from a minor ear infection. The magistrate judge found that Plaintiff's Eighth Amendment claim fails because his ear infection was not an objectively serious medical need. Finally, the magistrate judge noted that Plaintiff's claim fails because he merely disagrees with the treatment he received from Defendant Maroulis.

Although Plaintiff filed lengthy Objections, he devotes but a few words to exhaustion. Plaintiff contends that the Court should reject the magistrate judge's conclusion regarding exhaustion because Plaintiff's chronic mental and physical conditions prevented him from properly exhausting his claim. (Pl.'s Objections at 19.) Plaintiff fails to show how his mental and physical

2

conditions during the relevant period of time prevented him from properly exhausting his claims. In fact, as the magistrate judge observed, Plaintiff properly exhausted some of his claims. Moreover, Plaintiff was able to request medical treatment and, in fact, sent several health care kites. Thus, Plaintiff has not shown that he was unable to exhaust his claims. *See Bennett v. James*, 737 F. Supp. 2d 219, 227-28 (S.D.N.Y. 2010) (concluding that "[e]ven assuming that an inmate's physical or mental condition could excuse exhaustion," the plaintiff failed to support his allegation that his physical and emotional condition prevented him from exhausting).

The crux of Plaintiffs' Objections concerns his argument that he presented sufficient evidence to show that Defendant Maroulis actually punctured his eardrum, resulting in an injury and pain for the following 17 days. But as the magistrate judge pointed out, Plaintiff's claims against Defendant Maroulis are actually medical malpractice claims rather than Eighth Amendment claims. It is well established that claims of negligence, including medical malpractice, do not rise to the level of a constitutional violation merely because the plaintiff is a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

The Court also concurs with the magistrate judge's conclusion that Plaintiff failed to establish that his medical need was "sufficiently serious" to meet the objective prong of an Eighth Amendment claim. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). The records of Plaintiff's medical treatment following the April 20, 2009, incident show that Plaintiff's right eardrum had swelling, bulging, and redness, with drainage of fluid. On April 22, 2009, Defendant Maroulis gave Plaintiff Motrin for his pain and instructed him to stop using the mineral oil she had given him. In a subsequent examination two days later, on April 24, Physician's Assistant Kennerly noted some swelling, with no evidence of bleeding, and prescribed Amoxicillin and Motrin. In a subsequent follow-up on April 27, Kennerly diagnosed Plaintiff with an ear infection. Kennerly irrigated Plaintiff's right ear

3

and gave him medicated ear drops. Kennerly saw Plaintiff the following day and, after irrigating Plaintiff's ear, found no evidence that Plaintiff's ear had been punctured. Kennerly reiterated his diagnosis of an ear infection. As the magistrate judge properly observed, this evidence shows that while Plaintiff experienced pain, he was not suffering from an objectively serious condition. (Docket no. 40, Ex. I.)

The Court further concludes that Plaintiff failed to meet the subjective component of an Eighth Amendment claim. This component requires a plaintiff to demonstrate that the defendant had "a sufficiently culpable state of mind in denying medical care." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). The medical evidence shows that Defendant Maroulis was not deliberately indifferent to Plaintiff's serious medical needs, as she treated him for his reported ear problem. The fact that Plaintiff may disagree with the proper course of treatment does not give rise to a constitutional violation. *Estelle*, 429 U.S. at 107, 97 S. Ct. at 293.

Finally, with regard to Defendants Patterson and King, the Court agrees with the magistrate judge's conclusion that Plaintiff failed to show that these Defendants knew or had reason to know that Plaintiff was suffering from a serious medical condition that required urgent or emergency treatment. Given that the medical evidence shows that Plaintiff was suffering from an ear infection, there is no basis to conclude that Defendants Patterson and King knew that Plaintiff had a serious medical condition and were deliberately indifferent to his serious medical needs.

## *Motion for Preliminary Injunction*

The magistrate judge denied Plaintiff's motion for preliminary injunction and temporary restraining order on the grounds that: (1) Plaintiff failed to demonstrate that he is likely to prevail on the merits of his claims; (2) Plaintiff failed to show that he would suffer irreparable injury in the absence of injunctive relief; and (3) the public interest would not be served by unnecessary and

4

unwarranted judicial interference in the day-to-day operations of the Michigan Department of Corrections.

Plaintiff did not file formal Objections to the magistrate judge's recommendation that this Court deny Plaintiff's request for injunctive relief. However, he does request for a preliminary injunction and a temporary restraining order in his "Instant Motion." As the Court understands it, Plaintiff requests that the Court order Defendants to provide him medical treatment from an outside source, to cease the "ongoing harassment and abuse" to which he is being subjected, and to give him "reasonable photocopy loans."

To the extent Plaintiff is objecting to the magistrate judge's recommendation that Plaintiff's motion for a preliminary injunction and temporary restraining order be denied, Plaintiff offers no persuasive reason for rejecting that recommendation. Furthermore, to the extent Plaintiff is asserting a new request for injunctive relief, the Court will deny that aspect of Plaintiff's "Instant Motion" for the same reasons cited by the magistrate judge.

### *Plaintiff's "Instant Motion"*

As noted above, Plaintiff makes several requests in his "Instant Motion." The Court will grant this motion with regard to Plaintiff's request that the Court allow him to supplement his Objections to the Reports and Recommendations. The motion will be denied in all other respects.

Therefore,

**IT IS HEREBY ORDERED** that the Reports and Recommendations of the Magistrate Judge filed January 20, 2011 (docket nos. 67, 68) are **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (docket no. 38) is **GRANTED**, and Defendants Maroulis, Jastifer, Gorman, Patterson, King, Klinesmith, and Smith are **dismissed** from the case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Preliminary Injunction And A Temporary Restraining Order (docket no. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Instant Motion (docket no. 72) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** with regard to Plaintiff's request to supplement his Objections and **denied** in all other respects.


Dated: March 22, 2011                                   /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE