UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JIVONNIE JONES,

                Plaintiff,                                    Hon. Gordon J. Quist

v.                                                            Case No. 1:10-CV-300

ANNE MAROULIS, et al.,

                Defendants.
_____/


## REPORT AND RECOMMENDATION

            This matter is before the Court on Defendants' Motion for Summary Judgment.  (Dkt.

#80).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be

**granted and this action terminated**.


## BACKGROUND

            The following allegations are contained in Plaintiff's complaint.  On April 20, 2009,

Plaintiff was examined by Anne Maroulis, R.N.  Plaintiff reported that he wanted his ears cleaned out

to eliminate "excessive ear wax."  While Nurse Maroulis was cleaning out Plaintiff's right ear, Plaintiff

began experiencing "overwhelming bad pain" and blood began "gushing out" of his right ear.  Believing

that Nurse Maroulis had punctured his ear drum, Plaintiff reported that he "needed to go to the hospital

for emergency treatment."  Nurse Maroulis ignored Plaintiff's request and also failed to provide him

with pain medication.

As Plaintiff was being escorted back to his cell, he informed Corrections Officer Gorman that he "needed emergency treatment."  Gorman told Plaintiff, "that's not my problem, you better put in another kite like Maroulis said."  Later that day, Corrections Officer Patterson delivered Plaintiff his lunch.  When Patterson opened the food slot to Plaintiff's cell, Plaintiff informed him that he required medical treatment.  Patterson told Plaintiff to "put in another kite."  At this point, Plaintiff "took [his] food slot hostage by placing an arm on the slot so staff could not close the slot."  Sergeant King responded to this incident, at which point Plaintiff reiterated that he required medical treatment.  King told Plaintiff that if he did not remove his arm from the food slot, pepper spray would be used to gain his compliance.  Plaintiff immediately complied.  Later that day, Plaintiff completed a health care request form which was "ignored" by Christy Jastifer, R.N.

On April 22, 2009, Plaintiff was examined by Nurse Maroulis.  Plaintiff complained to Maroulis that she had "punctured [his] right ear drum" two days earlier.  Maroulis examined Plaintiff's right ear, after which she provided Plaintiff with medication.  On April 24, 2009, Plaintiff was examined by Physician's Assistant Michael Kennerly, who prescribed "new medications" that improved Plaintiff's condition.  On April 27, 2009, Plaintiff was again examined by P.A. Kennerly.  Plaintiff reported that he was experiencing "pressure and pain" in his right ear, in response to which P.A. Kennerly modified Plaintiff's medication regimen.  Plaintiff was examined by P.A. Kennerly the following day as well.

On May 1, 2009, Plaintiff submitted a health care request because his hearing was "getting worse."  On May 7, 2009, Plaintiff was examined by P.A. Kennerly.  Plaintiff reported that he was not experiencing any pain in his right ear, but that his ability to hear had decreased to approximately seventy-five percent.  P.A. Kennerly scheduled Plaintiff to participate in an audiology examination.  On October 7, 2009, Plaintiff participated in an audiology examination, the results of which "showed

abnormal hearing." On October 15, 2009, Plaintiff met with Dr. Richard Czop to discuss the results of the audiology examination. Plaintiff requested that he be provided hearing aids, but the doctor "ignored" Plaintiff's request. On January 20, 2010, Plaintiff again requested that he be provided hearing aids. This request was denied by Betty Kemp, R.N.

Plaintiff initiated the present action on March 29, 2010, against Anne Maroulis, R.N., Christy Jastifer, R.N., Michael Kennerly, P.A., Dr. Richard Czop, Corrections Officer Gorman, Corrections Officer Patterson, Sergeant King, Unknown Klinesmith, and Willie Smith. Plaintiff asserts that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff's claims against Defendants Maroulis, Jastifer, Gorman, Patterson, King, Klinesmith, and Smith have since been dismissed. Defendants Kennerly and Czop now move for summary judgment. As detailed herein, the undersigned recommends that Defendants' motion be granted and this action terminated.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably

find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398

F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the

nonmoving party's case," the non-moving party "must identify specific facts that can be established by

admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing

*Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view

the evidence in the light most favorable to the non-moving party, the party opposing the summary

judgment motion "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of

the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir.

2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere

allegations," but must instead present "significant probative evidence" establishing that "there is a

genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary

judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty*

*v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party

"must be able to point to some facts which may or will entitle him to judgment, or refute the proof of

the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,'

and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In

sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof  faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Defendants assert that they are entitled to relief because Plaintiff has failed to properly exhaust administrative remedies regarding the claims asserted against them.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.  *See Porter*

*v. Nussle*, 534 U.S. 516, 524 (2002).  Prisoners are no longer required to demonstrate exhaustion in their complaints.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.  *Id.*  With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus.  *See Woodford,* 548 U.S. at 88.  In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).  To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies."  *Id.* at 848 (citation omitted).  The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default."  *Woodford,* 548 U.S. at 92.  To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state

court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim.  *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance.  *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations").  Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a).  *See Spruill,* 372 F.3d at 232.

Michigan Department of Corrections Policy Directive 03.02.130 (effective July 9, 2007) articulates the applicable grievance procedures for prisoners in MDOC custody.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue. *Id.* at ¶ P.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ P-Q.  The policy provides the following directions for completing grievance forms: "The issues

should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶¶ W-X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.  *Id.* at ¶ BB.  The respondent at Step II is designated by policy, e.g.*,* the regional health administrator for grievances concerning health care issues.  *Id.* at ¶ DD.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III.  *Id.* at ¶ FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.*  The Grievance and Appeals Section is the respondent for Step III grievances.  *Id.* at ¶ GG.  The total grievance process from the filing of the Step I grievance to providing a response at Step III "shall generally be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step I and/or Step II."  *Id.* at ¶ S.

In support of their motion, Defendants have submitted an affidavit executed by Richard Stapleton, the Administrator for the Office of Legal Affairs of the Michigan Department of Corrections. (Dkt. #80, Exhibit A).  Stapleton asserts that "[a]ll" Step III grievances are entered into a "grievance tracking database."  Stapleton further asserts that he searched this database and has attached to his affidavit copies of all grievances that Plaintiff pursued through Step III of the MDOC grievance procedure between the dates of September 28, 2008, through July 6, 2010.  Plaintiff does not dispute

any of the assertions in Stapleton's affidavit or assert that the attachments to Stapleton's affidavit are deficient or incomplete.  A review of these grievances reveals that none of them serve to properly exhaust the claims asserted by Plaintiff against Defendants Kennerly or Czop.

A.      Grievance ICF-09-02-00377-28i

Plaintiff filed this grievance on February 8, 2009, alleging interference with his mail. (Dkt. #80, Exhibit A, Part I at 23-26 of 75).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against Defendants Kennerly or Czop. Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

B.      Grievance URF-08-11-2340-17b

Plaintiff filed this grievance on November 7, 2008, alleging interference with his mail. (Dkt. #80, Exhibit A, Part I at 27-31 of 75).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants. Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

C.      Grievance URF-08-11-2378-17a

Plaintiff filed this grievance on November 13, 2008, alleging that a particular prison guard was harassing him.  (Dkt. #80, Exhibit A, Part I at 32-35 of 75).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against

these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

        D.      Grievance URF-08-11-2416-12e1

Plaintiff filed this grievance on November 19, 2008, alleging that a nurse was ignoring his requests to receive medical care for his right arm.  (Dkt. #80, Exhibit A, Part I at 37-41 of 75).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

        E.      Grievance URF-08-10-2201-15b

Plaintiff filed this grievance on October 20, 2008, alleging that a particular prison guard was interfering with his mail.  (Dkt. #80, Exhibit A, Part I at 42-46 of 75).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

        F.      Grievance URF-08-10-2154-17a

Plaintiff filed this grievance on October 14, 2008, alleging that he was being harassed by a particular prison guard.  (Dkt. #80, Exhibit A, Part I at 47-51 of 75).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against

these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


G.      Grievance URF-09-03-00650-17i

Plaintiff filed this grievance on March 11, 2009, alleging mistreatment by a particular prison guard.  (Dkt. #80, Exhibit A, Part I at 52-56 of 75).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


H.      Grievance ICF-09-04-00942-28i

Plaintiff filed this grievance on April 16, 2009, alleging interference with his legal mail. (Dkt. #80, Exhibit A, Part I at 57-60 of 75).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants. Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


I.      Grievance ICF-09-04-00941-28c

Plaintiff filed this grievance on April 3, 2009, alleging harassment by a prison guard. (Dkt. #80, Exhibit A, Part I at 61-64 of 75).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.

Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

J.      Grievance ICF-09-04-00943-28b

Plaintiff filed this grievance on April 16, 2009, alleging harassment by a prison porter. (Dkt. #80, Exhibit A, Part I at 65-68 of 75).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants. Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

K.      Grievance ICF-09-03-00578-28b

Plaintiff filed this grievance on February 26, 2009, alleging that he was not provided toothpaste.  (Dkt. #80, Exhibit A, Part I at 69-72 of 75).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

L.      Grievance ICF-09-03-00585-28b

Plaintiff filed this grievance on February 26, 2009, alleging that he was not provided with a food tray.  (Dkt. #80, Exhibit A, Part I at 73-75 of 75; Dkt. #80, Exhibit A, Part II at 2 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of

Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


      M.      Grievance ICF-09-03-00577-28b

Plaintiff filed this grievance on February 26, 2009, alleging that he harassed by a prison guard.  (Dkt. #80, Exhibit A, Part II at 3-6 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants. Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


      N.      Grievance ICF-09-03-00651-28e

Plaintiff filed this grievance on March 10, 2009, alleging that he had not received his laundry bag.  (Dkt. #80, Exhibit A, Part II at 7-10 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


      O.      Grievance ICF-08-03-00649-28e

Plaintiff filed this grievance on March 12, 2009, alleging that he had been denied photographs documenting an assault by a staff member.  (Dkt. #80, Exhibit A, Part II at 11-14 of 81). This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any

of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


       P.      Grievance ICF-09-06-1260-14f

Plaintiff filed this grievance on May 26, 2009, alleging that he was being denied copies of his legal materials.  (Dkt. #80, Exhibit A, Part II at 15-19 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


       Q.      Grievance ICF-09-06-1261-28g

Plaintiff filed this grievance on May 25, 2009, alleging that he had been assaulted by a staff member.  (Dkt. #80, Exhibit A, Part II at 20-24 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


       R.      Grievance ICF-09-06-1403-28i

Plaintiff filed this grievance on June 3, 2009, alleging that a prison guard instructed him to pull up his pants.  (Dkt. #80, Exhibit A, Part II at 26-30 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these

Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

       S.      Grievance ICF-09-06-1308-28i

Plaintiff filed this grievance on June 3, 2009, alleging that a prison guard verbally assaulted him and refused his request for a shower.  (Dkt. #80, Exhibit A, Part II at 31-35 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

       T.      Grievance ICF-09-06-1390-28e

Plaintiff filed this grievance on June 10, 2009, complaining about the quality of the MDOC issued toilet paper.  (Dkt. #80, Exhibit A, Part II at 36-40 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

       U.      Grievance ICF-09-06-1262-28a

Plaintiff filed this grievance on May 25, 2009, alleging that internal affairs failed to respond to his assertion that he was assaulted by a prison guard.  (Dkt. #80, Exhibit A, Part II at 41-45 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not

concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

### V.      Grievance ICF-09-06-1309-28c

Plaintiff filed this grievance on June 3, 2009, alleging that a prison guard failed to give him his food tray and turned off the water to his cell.  (Dkt. #80, Exhibit A, Part II at 46-50 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

### W.      Grievance ICF-09-05-1024-28b

Plaintiff filed this grievance on April 27, 2009, alleging that he was denied a shower.  (Dkt. #80, Exhibit A, Part II at 51-54 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

### X.      Grievance ICF-09-05-1026-28c

Plaintiff filed this grievance on April 28, 2009, alleging that a prison guard refused his requests to retrieve his "stuff."  (Dkt. #80, Exhibit A, Part II at 55-58 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims

against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

Y.      Grievance ICF-09-06-1282-28e

Plaintiff filed this grievance on May, 30, 2009, alleging that a nurse provided him with the wrong medication.  (Dkt. #80, Exhibit A, Part II at 62-66 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

Z.      Grievance ICF-09-07-1382-17b

Plaintiff filed this grievance on June 8, 2009, alleging that a prison guard harassed him. (Dkt. #80, Exhibit A, Part II at 67-70 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants. Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

AA.     Grievance ICF-09-07-1710-27z

Plaintiff filed this grievance on July 19, 2009, alleging that he was given a "very small" razor.  (Dkt. #80, Exhibit A, Part II at 71-75 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.

Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

BB.    Grievance ICF-09-07-1086-03e

Plaintiff filed this grievance on May 5, 2009, alleging that a maintenance worker incorrectly accused him of sticking a sock in his toilet and flooding his cell.  (Dkt. #80, Exhibit A, Part II at 76-79 of 81).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

CC.    Grievance ICF-09-07-1500-22z

Plaintiff filed this grievance on June 25, 2009, alleging that staff members refused to open his food slot to alleviate the heat in his cell.  (Dkt. #80, Exhibit A, Part II at 80-81 of 81; Dkt. #80, Exhibit A, Part III at 2-4 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

DD.    Grievance ICF-09-07-1514-28b

Plaintiff filed this grievance on June 18, 2009, alleging that staff members refused his request for photocopies.  (Dkt. #80, Exhibit A, Part III at 5-9 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against

these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

       EE.     Grievance ICF-09-09-2205-15d

Plaintiff filed this grievance on September 2, 2009, alleging interference with his mail. (Dkt. #80, Exhibit A, Part III at 10-14 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants. Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

       FF.     Grievance ICF-09-08-2051-01i

Plaintiff filed this grievance on August 24, 2009, alleging interference with his attempts to subscribe to XXL magazine.  (Dkt. #80, Exhibit A, Part III at 15-19 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

       GG.     Grievance ICF-09-08-1957-26a

Plaintiff filed this grievance on August 10, 2009, alleging that he was assaulted by a prison guard.  (Dkt. #80, Exhibit A, Part III at 20-24 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these

Defendants.   Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

### HH.    Grievance ICF-09-08-2113-17b

Plaintiff filed this grievance on August 27, 2009, alleging that a prison guard refused to give him a food tray and turned off the water to his cell.  (Dkt. #80, Exhibit A, Part III at 25-29 of 84). This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

### II.    Grievance ICF-09-08-1954-19d

Plaintiff filed this grievance on August 6, 2009, alleging interference with his personal property.   (Dkt. #80, Exhibit A, Part III at 30-34 of 84).   This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.   Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

### JJ.    Grievance ICF-09-09-2229-22z

Plaintiff filed this grievance on September 8, 2009, alleging denial of "white paper." (Dkt. #80, Exhibit A, Part III at 35-38 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.

Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

KK.   Grievance ICF-09-08-2166-17b

Plaintiff filed this grievance on August 28, 2009, alleging that he did not feel safe in the presence of a particular prison guard. (Dkt. #80, Exhibit A, Part III at 39-42 of 84). This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants. Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

LL.   Grievance ICF-09-08-1958-26a

Plaintiff filed this grievance on August 10, 2009, alleging that he had been assaulted by a prison guard. (Dkt. #80, Exhibit A, Part III at 43-47 of 84). This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants. Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

MM.   Grievance ICF-09-03-0755-28b

Plaintiff filed this grievance on March 10, 2009, alleging that a nurse had provided him with incorrect medication. (Dkt. #80, Exhibit A, Part III at 51-54 of 84). This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against

these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

NN.    Grievance ICF-10-03-519-28i

Plaintiff filed this grievance on February 4, 2010, alleging that prison guards had "misplaced and damaged" items of his personal property valued at one million dollars.  (Dkt. #80, Exhibit A, Part III at 55-59 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

OO.    Grievance ICF-10-03-566-01z

Plaintiff filed this grievance on February 22, 2010, complaining that he had to kite accounting to learn how much money was in his prisoner account.  (Dkt. #80, Exhibit A, Part III at 60-64 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

PP.    Grievance ICF-10-03-556-28i

Plaintiff filed this grievance on February 22, 2010, complaining that his grievances were not being responded to in a timely fashion.  (Dkt. #80, Exhibit A, Part III at 65-69 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of

Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


       QQ.    Grievance ICF-10-03-527-28i

       Plaintiff filed this grievance on February 4, 2010, alleging that he was falsely charged with a misconduct violation.  (Dkt. #80, Exhibit A, Part III at 70-74 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


       RR.    Grievance ICF-10-02-415-07z

       Plaintiff filed this grievance on January 27, 2010, alleging that he was not supplied with a sufficient amount of typing paper.  (Dkt. #80, Exhibit A, Part III at 75-79 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.  Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.


       SS.    Grievance ICF-09-08-2187-15b

       Plaintiff filed this grievance on September 2, 2009, alleging interference with his mail. (Dkt. #80, Exhibit A, Part III at 80-84 of 84).  This grievance is not asserted against Defendant Kennerly or Defendant Czop and does not concern any of Plaintiff's claims against these Defendants.

Accordingly, this grievance fails to exhaust any claim asserted by Plaintiff against Defendant Kennerly or Defendant Czop.

TT.    Grievance ICF-09-04-0966-28B

Plaintiff filed this grievance on April 20, 2009, regarding an incident that allegedly occurred earlier that day.  (Dkt. #80, Exhibit A, Part III at 48-50 of 84).  In this grievance, Plaintiff asserted that an unidentified "nurse" injured his right ear while cleaning it out.  Plaintiff asserted that this nurse then failed to "give [him] meds for the pain."  Plaintiff alleged that later that day he informed the "unit officer" that he needed medical treatment for his ear.  When the unit officer "refused to get the nurse," Plaintiff "had to take the food slot hostage on him."  According to Plaintiff, "the sergeant" then arrived and likewise "refused to get the nurse."  Plaintiff pursued this grievance through all three steps of the MDOC grievance process.

The Court previously assessed this particular grievance in the context of a previous motion for summary judgment filed by other defendants.  (Dkt. #68 at 8-9).  The Court concluded that this grievance properly exhausted "certain claims concerning the alleged events of April 20, 2009."  Specifically, the Court found that this grievance properly exhausted certain claims against Defendants Maroulis, Patterson, and King.

The Honorable Gordon J. Quist adopted this conclusion.  (Dkt. #75).  Thus, the question of what claims this particular grievance exhausts has already been decided.  A review of the Court's previous analysis does not suggest a different result.  This particular grievance was not

asserted against Defendant Kennerly or Defendant Czop.  Moreover, as noted above, Plaintiff was not examined by Defendants Kennerly or Czop until after this grievance was filed.  Thus, this grievance fails to exhaust any of Plaintiff's claims against Defendants Kennerly or Czop.

UU.    Grievance ICF-09-05-1023-28B

Plaintiff filed this grievance on April 29, 2009, concerning an incident that allegedly occurred earlier that day.  (Dkt. #80, Exhibit A, Part II at 59-61 of 81).  Plaintiff alleges in this grievance that an unidentified nurse was "harassing" him and "trying to cover up" the April 20, 2009 incident with Defendant Maroulis.

The Court also analyzed this grievance in the context of a previous motion for summary judgment.  (Dkt. #68 at 10).  As the Court previously found, this grievance was rejected at all three steps of the grievance process because Plaintiff failed to comply with the requirement that he identify by names all those involved in the issue being grieved.  This determination was appropriate, as the grievance failed to give prison officials fair notice of the matter(s) being grieved.  The Court also observed that Plaintiff's complaint contains no allegations concerning any incident that occurred on April 29, 2009.  Accordingly, the Court concluded that this particular grievance failed to exhaust any claim asserted in Plaintiff's complaint.

The Honorable Gordon J. Quist adopted this conclusion.  (Dkt. #75).  Thus, the question of what claims this particular grievance exhausts has already been decided.  A review of the Court's previous analysis does not suggest a different result.  This particular grievance was not asserted against Defendant Kennerly or Defendant Czop and, moreover, concerns events which are not part of any claim

asserted in Plaintiff's complaint.  Thus, this grievance fails to exhaust any of Plaintiff's claims against Defendants Kennerly or Czop.

Plaintiff has not asserted that he pursued any other grievances regarding the incidents alleged in his complaint.  As discussed above, a review of the numerous grievances Plaintiff did pursue during the relevant time period fail to exhaust his claims against Defendants Kennerly and Czop. Plaintiff argues, however, that dismissal of his claims is not proper because he "was under an extraordinary amount of mental and physical pain" and was experiencing "Jillions of distractions which intervened [with his] ability to file the grievances within [the] deadline."  (Dkt. #81 at 34 of 37).

The Court recognizes that a prisoner does not have to comply with the exhaustion requirement where prison officials act to prevent the prisoner from accessing the grievance process. *See, e.g., Brock v. Kenton County, KY*, 93 Fed. Appx. 793, 798 (6th Cir., Mar. 23, 2004) (collecting cases). Plaintiff has failed, however, to establish that prison officials undertook any action which prevented him from accessing the relevant grievance procedures.  Moreover, any such claim by Plaintiff is belied by the fact that during the relevant time period Plaintiff filed numerous grievances concerning a variety of issues.  The Court also recognizes that the exhaustion requirement may be excused if the prisoner is physically or mentally incapable of filing a grievance. *See, e.g., Braswell v. Corrections Corp. of America*, 419 Fed. Appx. 622, 625 (6th Cir., Apr. 15, 2011).  Again, Plaintiff has failed to demonstrate that he was physically or mentally incapable of filing a grievance concerning his allegations against Defendants Kennerly or Czop.  As detailed above, Plaintiff's conduct during the relevant time period reveals that he was more than capable of filing grievances.

Plaintiff also asserts that he was unable to file a grievance against Defendants Kennerly and Czop because he was unaware of their names until after the deadline for filing a grievance had

passed.  This excuse is equally unavailing.  Even if Plaintiff was unaware of Defendants' names, he was still required to file a grievance attempting to place prison officials on notice of the alleged wrongful conduct.  *See, e.g., Napier v. Laurel County, KY*, 636 F.3d 218, 223-24 (6th Cir. 2011) ("an inmate does not exhaust available administrative remedies when [he] entirely fails to invoke the prison's grievance procedure").  If Plaintiff was unaware of the names of the individuals in question he could simply have asserted the grievance against "unknown" or "unidentified" persons or otherwise described the relevant events in sufficient detail to inform prison officials of the conduct of which he was complaining.  Plaintiff has demonstrated that he clearly understands this concept.  In a great many of the grievances discussed above, Plaintiff was unaware of the name of the individual(s) against whom the grievance was asserted.  Plaintiff was nonetheless able to sufficiently grieve the matter in question by identifying the person in question by reference to their job title or job duties or by simply describing the relevant events in sufficient detail to enable prison officials to discern the individual(s) and/or conduct in question.

Accordingly, for the reasons discussed above, the Court finds that Plaintiff has failed to properly exhaust any of the claims asserted against Defendant Kennerly or Defendant Czop.

<u>**CONCLUSION**</u>

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #80), be **granted** and this action terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  November 28, 2011                          /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge